UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RANDOLPH CAUDILL, JR., <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED RECOVERY BUREAU, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:16-cv-00559 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, ROBERT RANDOLPH CAUDILL, JR ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of DIVERSIFIED RECOVERY BUREAU, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA) and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 30 year old natural person residing at 5440 N. Ashland, Apartment 2, Chicago, Illinois, which lies in the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Defendant states that its mission is to "to redefine and revolutionize the Debt Collection Industry; to set the standard for clients in the recovery of accounts."[1] From its headquarters at 238 Lein Road, Suite A, West Seneca, New York, Defendant is in the business collecting delinquent consumer debts of others, including a debt allegedly owed by Plaintiff.

7. Defendant is in the business of collecting consumer debts in multiple states, including Illinois.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of The Association of Credit and Collection Professionals since 2015.[2]

---

[1] http://www.diversifiedrecoverybureaullc.com/
[2] http://www.acainternational.org/memberdirectory.aspx

**FACTS SUPPORTING CAUSES OF ACTION**

10. On January 12, 2016 at 4:15 pm CST, Plaintiff received a call to his cellular phone from (773) 570-8036. *See* attached Exhibit A is a true and correct copy of a screen shot from Plaintiff's cellular phone.

11. Upon information and belief, the above number belongs to Defendant and is utilized by it during debt collection activity.

12. Observing that the number was a Chicago area code, but not recognizing it specifically, Plaintiff called the number back a short time later.

13. Plaintiff was connected with a female representative of Defendant who identified herself as "Brooklyn". *See* attached Exhibit B is a true and correct copy of an affidavit signed by Plaintiff.

14. Brooklyn informed Plaintiff that she worked for Defendant and was seeking payment for a payday loan from Seaside in the amount of $1,080.00 ("subject consumer debt"). *See* Exhibit B.

15. Defendant told Plaintiff that the subject consumer debt was from November 2012. However, to the best of Plaintiff's memory, he does not recall ever incurring the subject consumer debt. *Id.*

16. Despite being specifically asked, Defendant failed to provide Plaintiff with a direct answer as to when and how it received the subject consumer debt.

17. At no point during the entire conversation did Defendant advise Plaintiff that it was acting as a debt collector or that any information it gained would be used for the purpose of collecting on the subject consumer debt. *Id.*

18. During the call, Defendant offered Plaintiff a settlement of the subject consumer debt.

3

19. Brooklyn provided Plaintiff with a direct phone number to reach her, (844) 368-6749 ext. 104. Additionally, she stated that Defendant's mailing address was PO Box 28, West Seneca, New York 14224.

20. Because the phone number provided did not match the one that Plaintiff initially received a call from, he asked Defendant to email him documentation regarding the subject consumer debt.

21. On January 12, 2016 at 5:10 pm CST, Plaintiff received an email from Defendant with an attached settlement offer. *See* attached Exhibit C is a true and correct copy of the email and attachment from Defendant.

22. Both the email and attachment included provisions where Defendant identified itself as a debt collector that was attempting to collect on a debt. *See* Exhibit C.

23. It was only after receiving the email and attachment did Plaintiff learn that Defendant was a debt collector and that the information he provided would be used to collect on the subject consumer debt. *See* Exhibit B.

24. On January 13, 2016 at 3:42 pm CST, Plaintiff received a call to his cellular phone from (936) 570-0308. *See* attached Exhibit D is a true and correct copy of a screen shot from Plaintiff's cellular phone.

25. Upon answering the call, Plaintiff discovered that it was Brooklyn calling him from a different number with a Texas area code. *See* Exhibit B.

26. Defendant again failed to identify itself as a debt collector who was attempting to collect on a debt. *Id.*

27. Plaintiff has never received any other correspondences from Defendant aside from the email and attachment.

28. Questioning the validity of Defendant and the subject consumer debt, Plaintiff retained the services of CLP to bring the instant action.

29. Plaintiff has incurred costs and expenses consulting with his attorneys as a direct result of Defendant's collection actions.

30. Plaintiff has suffered financial loss from Defendant's collection actions.

31. Plaintiff has been harassed and mislead by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)

34. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the January 12, 2016 collection call with Plaintiff. As evidenced by his affidavit, Defendant did not advise Plaintiff it was a debt collector attempting to collect on a debt at any point during the phone call. Additionally, Defendant failed to advise Plaintiff that any information it gained during the call would be used for the purpose of collecting on the subject consumer debt. These disclosure are mandated by the FDCPA in all communications between debt collectors and consumers.

35. As evidenced by Defendant's subsequent email and attachment, it knows that it is required to make these disclosures to Plaintiff. Due to the absence of these disclosures, Defendant's initial communication was misleading and sought to gain an unfair advantage over Plaintiff. Plaintiff was justifiably confused over the relationship between Defendant and the subject consumer debt as well as the validity of both.

36. The FDCPA states:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send written notice containing: (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. §1692g(a)(3), (4), and (5).

37. Defendant violated 15 U.S.C. §§1692f, g(a)(3), g(a)(4), and g(a)(5) through its debt collection actions. To date, Defendant has not provided Plaintiff any correspondences with the above required disclosures. Neither the email nor attachment made any mention of Plaintiff's rights to dispute the subject consumer debt or be provided validation. This failure to disclose is especially critical consider the dubious nature of the subject consumer debt in Plaintiff's mind. Upon information and belief, Defendant has never sent Plaintiff any documentation with the above disclosures, nor does it have a system in place for sending such notices.

38. As plead in paragraphs 28 through 31, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, ROBERT RANDOLPH CAUDILL, JR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject debt.

41. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

7

42. Defendant's attempts to collect on the subject debt are part of the "conduct of any trade or commerce" as defined by the ICFA, 815 ILCS 505/1(f).

43. Defendant's failure to disclose the nature of its business as a debt collector during the January 12, 2016 phone call, represents the use of deception, fraud, and false pretense in an attempt to collect a debt.

44. Plaintiff does not believe that Defendant has the legal right to collect on the subject consumer debt.

45. Defendant intended that Plaintiff rely on its illegal conduct in order to procure payment of the subject debt.

46. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

47. The ICFA states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

48. As pled in paragraphs 28 through 31, Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

49. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, ROBERT RANDOLPH CAUDILL, JR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 14, 2016                  Respectfully Submitted,

                                               s/ Nathan C. Volheim
                                               Nathan C. Volheim, Esq., #630210
                                               David S. Klain, Esq., #66305
                                               Counsel for Plaintiff
                                               Admitted in the Northern District of Illinois
                                               Consumer Law Partners, LLC
                                               435 N. Michigan Ave., Suite 1609
                                               Chicago, Illinois 60611
                                               (267) 422-1000 (phone)
                                               (267) 422-2000 (fax)